|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | )   |     |
| --- | --- | --- |
|   | ) | NO.   M 17-00339-N/A(BPV) |
| Plaintiff, | )   |     |
|   | )   |     |
| vs. | ) | **VERDICT** |
|   | )   |     |
| Natalie Renee Hoffman, Oona Meagan Holcomb, Madeline Abbe Huse, Zaachilda Isabel Orozco-McCormick, | )   |     |
|   | )   |     |
|   | )   |     |
|   | )   |     |
| Defendants. | )   |     |
| _____ | )   |     |

The U.S. Department of Interior is charged with the duty of maintaining the Cabeza Prieta Refuge and Wilderness Area in its pristine nature. The Refuge is surrounded by the U.S. Department of Defense via the Barry Goldwater Bombing Range, U.S. Border Patrol via the U.S./Mexico International Border, and the Tohono O'Odham Nation. Consequently, the preserve is littered with unexploded military ordinance, the detritus of illegal entry into the United States, and the on-road and off-road vehicular traffic of the U.S. Border Patrol efforts to apprehend illegal entrants/undocumented immigrants. None of the above obtain access permits from the Department of Interior. There is, however, a federal law that requires people who access Cabeza Prieta to obtain a permit authorizing entry. The permit requires the applicant to remain on designated roads, not travel on restricted roads, and not leave anything within the Refuge. In short: with authorized permits, pack it in/pack it out.

Violators of the access regulations may be verbally admonished to comply with the rules of the Refuge, cited for a violation of the pertinent regulations, banned from the area,

1 or summoned into Court for criminal prosecution. The choice of action to be taken is at the
2 sole discretion of the Refuge's law enforcement officer, except the latter, which requires the
3 U.S. Attorney's exercise of its discretion to authorize the criminal prosecution.

4 In the case before the Court, the Department of Interior and the Department of Justice
5 authorized a criminal prosecution of the Defendants. The Defendants are all members of No
6 More Deaths and act in support of its objectives. The Defendants did not get an access
7 permit, they did not remain on the designated roads, and they left water, food, and crates in
8 the Refuge. All of this, in addition to violating the law, erodes the national decision to
9 maintain the Refuge in its pristine nature.

10 The Defendants assert a modified Antigone defense, in that they are acting in
11 accordance with a higher law. One of the Defendants claims her conduct is not civil
12 disobedience, but rather civil initiative, which is somehow not a criminal offense.

13 Each Defendant made a decision to act without knowing her conduct could be
14 punishable by up to six months incarceration. Each one acted on the mistaken belief that the
15 worst that could happen was that they could be banned, debarred (meaning unknown to the
16 Defendants), or fined. No one in charge of No More Deaths ever informed them that their
17 conduct could be prosecuted as a criminal offense nor did any of the Defendants make any
18 independent inquiry into the legality or consequences of their activities. The Court can only
19 speculate as to what the Defendants' decisions would have been had they known the actual
20 risk of their undertaking.

21 The Defendants have failed to establish the facts necessary to support their asserted
22 affirmative defenses. The Government has established their guilt beyond a reasonable doubt
23 and each Defendant is guilty of the offenses set forth in the Information as follows:

24 Natalie Renee Hoffman:

25 Count 1) Operating a Motor Vehicle in a Wilderness Area; Count 2) Entering a
26 National Wildlife Refuge Without a Permit; and Count 3) Abandonment of Property.

27
28

Oona Meagan Holcomb:

Count 2) Entering a National Wildlife Refuge Without a Permit; and Count 3) Abandonment of Property.

Madeline Abbe Huse:

Count 2) Entering a National Wildlife Refuge Without a Permit; and Count 3) Abandonment of Property.

Zaachilda Isabel Orozco-McCormick:

Count 2) Entering a National Wildlife Refuge Without a Permit; and Count 3) Abandonment of Property.

**IT IS ORDERED** that all pending Motions are denied.

Counsel shall, within ten days, consult to reach an agreeable date for entry of Judgment and sentencing and inform the Court of same. The Court is not available the week of February 18, 2019.

DATED this 18th day of January, 2019.

_____
Bernardo P. Velasco
United States Magistrate Judge